UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
OTTER PRODUCTS, LLC,

        Plaintiff,

    -against-                                              ORDER

COREY HARGROVE and JOHN DOES           22-CV-7077 (CS) (AEK)
1-5,

        Defendants.
-------------------------------------------------------X

Seibel, J.

    Before the Court is the Report and Recommendation of United States Magistrate Judge Andrew Krause dated July 26, 2024.  (ECF No. 29 (the "R&R").)

    A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C).  Parties may raise objections to the R & R, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1)(C).   The district court may adopt those portions of the R & R to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note.

    No objections to the R&R have been received, so I review it for clear error.  Finding no error, clear or otherwise, the R&R is adopted as the decision of the Court.

    A final judgment and injunction shall be entered as follows:

Plaintiff is awarded statutory damages and costs against Defendant Hargrove in the total amount of $875,564.56, plus post-judgment interest in accordance with 28 U.S.C. § 2261. Defendant Hargrove, and his employees, agents, servants, successors, and assigns, and all those acting in concert or participation therewith, are hereby permanently enjoined from:

a) using any counterfeit or infringement of the Plaintiff's Registered Trademarks to identify any goods not authorized by Plaintiff;

b) counterfeiting or infringing the Plaintiff's Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Plaintiff's Registered Trademarks;

c) using any simulation, reproduction, counterfeit, or copy of the Plaintiff's Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

d) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Plaintiff;

e) engaging in any other conduct constituting an infringement of the Plaintiff's Registered Trademarks, of Plaintiff's rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiff's names, reputations, and goodwill.

The claims against the John Doe Defendants are dismissed on consent. Counsel for Plaintiff shall send a copy of this Order and of the Judgment to Defendant. The Clerk of Court is respectfully directed to enter judgment as set forth above and close the case.

SO ORDERED.

Dated: August 19, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.